Rebecca L. Hill, USB # 06246
Rebecca.Hill@chrisjen.com
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 323-5000

*Attorneys for Defendant Viad Corp. f/k/a
The Dial Corporation*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HOWARD WADE AND DEANNA LYNN WADE,<br><br>Plaintiffs,<br><br>v.<br><br>INDUSTRIAL SUPPLY COMPANY, INC. et al.,<br><br>Defendants. | **DEFENDANT VIAD CORP.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1442**<br><br>Case No. _____ |

TO: THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION

Pursuant to 28 U.S.C. §§ 1442(A)(1) AND 1446, Defendant Viad Corp. *f/k/a* The Dial Corporation ("Viad") sued erroneously herein as successor-in-interest to Griscom Russell Co. ("Griscom-Russell") hereby removes the state court action filed by Plaintiffs Howard Wade and Deanna Lynn Wade ("Plaintiffs") to the United States District Court for the District of Utah, Central Division, which is the judicial district in which this action is pending.

# I.
# FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiffs filed the Original Complaint and Jury Demanded ("Complaint") in the Third Judicial District Court, in and for Salt Lake County, State of Utah on December 29, 2021, Case No. 210907011. *See* Complaint attached as Exhibit A to the separate accompany Declaration of Rebecca L. Hill ("Hill Declaration"), attached as Exhibit 1 to this Notice.

2. The Complaint names various defendants, including Viad Corp., *f/k/a* The Dial Corporation, individually, and erroneously as successor in interest as Griscom-Russell. Complaint at p. 23.

3. Viad was served with a copy of the Summons and Complaint on January 13, 2022. *See* Exhibit A to Hill Declaration.

4. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it was filed within thirty days of January 13, 2022, when the Summons and Complaint were served.[1]

## FEDERAL OFFICER REMOVAL PURSUANT TO 28 U.S.C. § 1442(a)

5. Viad is entitled to remove this action because: (1) it is alleged to be a successor-in-interest to a person[2] that was acting under the direction and authority of a federal officer or agency; (2) it has a colorable federal defense to Plaintiff's claims; and (3) there is a causal nexus

---

[1] The thirtieth day falls on Saturday February 12, 2022 and under F.R.C.P. 6(a)(2) the time for filing the removal is extended to Monday February 14, 2022.

[2] Viad, a corporation, is a "person" within the meaning of 28 U.S.C. § 1442(a), as was Griscom-Russell. *See Aisup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 845 n.3 (S.D. Ill. 2006), citing *Camacho v. Autoridad de Telofonos de Puerto Rico*, 868 F.2d 482, 486-87 (1st Cir. 1989); *Green v. A.W. Chesterton Co.*, 366 F. Supp. 2d 1949, 1953 n.3 (D. Me. 2005).

between Plaintiff's claims and Griscom-Russell's alleged conduct under federal authority. *Jefferson County, Alabama v. Acker,* 527 U.S. 423, 431 (1999); *Mesa v. California*, 489 U.S. 121, 131-34 (1989).

6. Viad has been erroneously sued as the alleged successor-in-interest to Griscom-Russell, which, upon information and belief, was a manufacturer and supplier of equipment to the United States Navy. *See* Declaration of Charles E. Cushing, Ph.D.,., P.E. ("Cushing Declaration"), attached as Exhibit B to the Hill Declaration; *see also* Declaration of Retired Admiral Ben J. Lehman, attached as Exhibit C to the Hill Declaration.

7. Any equipment manufactured and sold to the U.S. Navy was provided pursuant to procurement contracts entered into with the U.S. Navy and in accordance with reasonably precise and exacting specifications required by the U.S. Navy and the U.S. Navy. The U.S. Navy contracted for the construction of the vessels, inspected and approved the construction, and accepted delivery. Griscom-Russell had no authority or discretion to deviate from the U.S. Navy's specifications. *See* Cushing Declaration, Ex. B to Hill Declaration.

8. Griscom-Russell was acting under an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1), and Plaintiff's claims against Viad in its alleged capacity as successor-in-interest to Griscom-Russell are derived solely from Griscom-Russell's official duties.

9. Viad has a colorable claim to a federal defense in this action, specifically, government contractor immunity from liability for injuries arising from exposure to asbestos in equipment manufactured by Griscom-Russell. *Boyle v. United Techs. Corp.*, 489 U.S. 500, 512

(1988); *Reaser v. Allis Chambers Corp.*, CV 08-1296-SVW (SSx) (C.D. Cal. June 23, 2008), slip op. at 9, 10, 11[3] ("In this action, based on the declaration of Dr. Cushing, it is possible to find that the Navy set forth reasonably precise specifications regarding the use of warnings, such that Defendants have a basis for asserting a colorable federal defense." "Based on the declarations by Admiral Lehman and Dr. Cushing, it can be inferred that any deviation from the Navy's specifications would have resulted in rejection of the equipment." "Again, as shown above by the declarations of Lehman, Cushing, and the exhibits thereto, the Navy had direct control over all aspects of the equipment supplied to its ships.  It can therefore be inferred that the reason why Defendants did not place warnings on their equipment was because such warnings were precluded by the Navy's detailed specifications.").

10. Other cases reaching the same conclusions include *Marley v. Elliot Turbomachinery Co., Inc.*, 545 F. Supp. 2d 1266 (S.D. Fla. 2008)  (removal allowed as affidavits of Lehman and another "provide a good faith foundation to show (1) that the Navy controlled the warnings to be affixed on parts manufactured by independent contractors, and (2) that the Navy was likely to reject any asbestos warning given its policy to deal with the asbestos problem exclusively through training"); *Oberstar v. CBS Corp.*, 2008 U.S. Dist. LEXIS 14023 (C.D. Cal. Feb. 11, 2008) (plaintiff's motion to remand after Viad and General Electric removal denied based, *inter alia,* on similar Lehman affidavit); *Harris v. Rapid Am. Corp.*, 532 F. Supp. 2d 1001, 1004-05 (N.D. Ill. 2007), *recon. denied*, 2008 WL 656266 (N.D. Ill. Mar. 7, 2008) (Lehman and Cushing

---

[3] The entire slip opinion in the *Reaser* case is attached hereto as Exhibit D to the Hill Declaration.

affidavits held sufficient to demonstrate at removal stage that: "(1) the Navy had complete control over the manufacture and design of every piece of equipment on its ships, as well as the nature of warnings issued; and (2) contractors, such as Griscom Russell, were not allowed to deviate from the specifications"); *Machnik v. Buffalo Pumps Inc.*, 506 F. Supp. 2d 99, 102 (D. Conn. 2007) (on similar affidavits of Lehman and another, Navy ship equipment manufacturers' federal officer removal allowed in asbestos personal injury claim involving state law failure to warn claims); *Nesbiet v. General Elec. Co.*, 399 F. Supp. 2d 205, 209-10 (S.D.N.Y. 2005) (Scheindlin, J.) (on similar affidavits of Lehman and another, federal officer removal by Navy ship turbine manufacturer held warranted in asbestos personal injury lawsuit). *Harris* at 1005 and *Machnik* at 103, as well as *Nesbiet* at 208, found that Admiral Lehman had "personal knowledge of the Navy's procurement practices regarding ship alterations and equipment overhauls" and "the contracts that existed between the Navy and its contractors" in the 1940s and 1950s. *See also Ballenger v. Agco Corp.*, 2007 WL 1813821 (N.D. Cal. June 22, 2007).

11.     Griscom-Russell acted under the authority and at the direction of the U.S. Navy with respect to the manufacture and sale of evaporators, fuel oil heaters, and associated equipment. In this regard, the U.S. Navy issued comprehensive specifications and other technical documentation identified in contract documents and controlled the design and construction and specified the materials to be used for the equipment sold and manufactured by Griscom-Russell. All equipment supplied by Griscom-Russell to the U.S. Navy was manufactured under reasonably precise, detailed specifications and technical documentation requirements dictated by the United States government and identifiable in applicable contract documents. The U.S. Navy enforced

compliance with their design specifications.  No aspect of the design of its products escaped the close control of the U.S. Navy, which retained ultimate decision-making authority with respect to the design and approval of Griscom-Russell's products.  *See* Cushing and Lehman Declarations, Ex. 2 and Ex. 3, attached to Hill Declaration.  *See also, e.g., Marley*, 545 F. Supp. 2d at 1272; *Harris*, 532 F. Supp. 2d at 1005; *Machnik*, 506 F. Supp. 2d at 103-05.

12. The U.S. Navy specifications also covered the nature of any communication affixed to equipment supplied to the Navy.  Accordingly, Griscom-Russell was required to submit for approval and acceptance by the federal government drafts of any manuals, drawings or other written materials required to be provided with regard to equipment that it manufactured for the U.S. Navy.  Moreover, either directly or as a matter of practice, the U.S. Navy specified what was to be written, posted, printed and published on any nameplate or sign, including all aspects of warnings, for any product manufactured for its use.  Griscom-Russell would not have been permitted (either under the U.S. Navy specifications or as a matter of U.S. Navy practice) to attach any type of warning or cautionary statement not required or approved by the U.S. Navy, including any statement relating to asbestos, without prior discussion, approval and acceptance by the U.S. Navy.  *See* Cushing and Lehman Declarations; *Emory v. McDonnell Douglas Corp.*, 148 F.3d 347, 350 (4th Cir. 1998) (holding that the federal contractor defense applies in the failure to warn context, and collecting cases so holding from the Second, Fifth, Sixth, Seventh and Ninth Circuits).

13. The United States Navy was aware of the potential hazards of asbestos as early as 1922 and, by the 1940's, the Navy's knowledge regarding the potential hazards of asbestos was quite complete when compared to the available knowledge at the time.  *See* Ex. C, Lehman

Declaration; *See also Miller v. Diamond Shamrock Co.,* 275 F.3d 414, 422-23 (5th Cir. 2001); *Harris*, 532 F. Supp. 2d at 1005-06; *Oberstar*, 2008 U.S. Dist. LEXIS at *9-14; *Machnik*, 506 F. Supp. 2d at 104.

14. Removal is appropriate, *inter alia*, because Viad is not required to prove the merits of its defense in order to remove this case successfully. Viad is only required to present a colorable claim such that the validity of the defense should be tried in federal rather than state court. *Jefferson County,* 527 U.S. at 431; *Willingham v. Morgan*, 395 U.S. 402, 406-07 (1969) ("In fact, one of the most important reasons for removal is to have the validity of the defense of official immunity tried in federal court. The officer need not win his case before he can have it removed."). The federal officer removal statute is not narrow or limited and should not be frustrated by a narrow interpretation of 28 U.S.C. § 1442(a)(1). *Willingham*, 395 U.S. at 406. *See also Reaser*, slip op. at 4 (defendants have no "'special burden' in showing that federal officer jurisdiction is proper"), and at 5, *citing Willingham* at 409 ("to qualify for removal, Defendants must be a person under the statute, raise a colorable federal defense, and present a basis for a causal connection between the charged conduct and the asserted government authority. . . . Defendants need not prove their federal defense or a causal nexus to justify removal.")

15. Federal officer removal pursuant to 28 U.S.C. § 1442(a)(1) is an exception to the general rule requiring all named defendants to join in the removal petition. *See Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998); *Ely Valley Mines, Inc. v. Hartford Acc. &Indem. Co.*, 644 F.2d 1310, 1314 (9th Cir. 1981); *Fowler v. Southern Bell Te.& Tel. Co.*, 343 F.2d 150, 152 (5th Cir. 1965); *Bradford v. Harding*, 284 F.2d 307, 310 (2d Cir. 1960). Pursuant to 28 U.S.C.

§ 1441(b), because this is a "civil action of which the district courts have original jurisdiction" under § 1442(a)(1), it is "removable without regard to the citizenship or residence of the parties."

16. A copy of the Notice of Filing of Notice of Removal is attached the Hill Declaration as Exhibit E.

17. Viad requests the opportunity to brief and respond, both in writing and orally, to any Motion for Remand filed by Plaintiffs.

DATED __14th__ day of February, 2022.

                                          Respectfully submitted,

                                        CHRISTENSEN & JENSEN, P.C.

                                        */s/ Rebecca L. Hill*
                                        Rebecca L. Hill

## CERTIFICATE OF SERVICE

The undersigned does certify that on February 14, 2022, the foregoing *Defendant Viad Corp.'s Notice of Removal* was electronically filed, as required by the United States District Court for the District of Utah, using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the District of Utah:

Richard I. Nemeroff,
THE NEMERFOOF LAW FIRM
5532 Lillehammer Lane, Suite 100
Park City, UT 84098
*Attorneys for the Plaintiffs*

　　　　　　　　　　　　　　　　　　　　*/s/ Rebecca L. Hill*
　　　　　　　　　　　　　　　　　　　　Rebecca L. Hill